I dissent. I think that the evidence is amply sufficient to sustain the finding of the trial court "that contestant [appellant herein] at said time abandoned said child . . .". This finding is, in my opinion, sufficient to support the judgment appealed from.
The child, who is now nearly fourteen years old, has been in the continuous custody and care of respondent since the age of eleven months. It is conceded that during all of that time the entire burden and responsibility of the custody, care, maintenance, and education of the child has been borne by respondent. It clearly appears from the evidence *Page 723 
that in 1911, when the child was a mere infant, a definite understanding and agreement was entered into between appellant and respondent, whereby appellant relinquished to respondent definitely and finally all of her parental rights over the child, and respondent in turn undertook and agreed to keep and maintain the child and raise it as her own. This agreement was entered into by appellant voluntarily and only after due deliberation. Respondent has kept and performed her part of the agreement faithfully and generously in all respects. This agreement was understood and acquiesced in not only by the immediate parties thereto, but also by respondent's husband, by the child's grandmother, and by other near relatives. It was acquiesced in by appellant without hint or suggestion to the contrary for a period approximating ten years. Then the child, having arrived at an age where it might be regarded as an asset instead of an encumbrance, appellant for the first time indicated a desire to repudiate her agreement and reclaim the child.
This presented a clear case of an actual physical transfer and relinquishment of the custody of the child "accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same." This, in my opinion, constituted an abandonment within the meaning of subdivision 4 of section 246
of the Civil Code.
The facts of this case are essentially different from those under consideration in Estate of Akers, 184 Cal. 514
[194 P. 706]. In that case the mother never relinquished the child voluntarily. It was forcibly taken from her by the child's father, and she immediately set about its recapture and succeeded therein. It was again forcibly taken from her by the father, and as soon as she was able to do so thereafter, and within four years, and immediately following the death of the father, she again undertook its recapture. In the instant case the child was voluntarily relinquished by the mother with the intention of severing the parental ties, and that intention was adhered to for ten years.
The trial court also found that appellant failed and neglected to contribute to the child's maintenance or care, she having the ability to do so. The evidence upon this point is not satisfactory, but I think it is legally sufficient *Page 724 
to support the finding. It is conceded that appellant did not in fact contribute to the child's support. It is claimed that she was unable to do so by reason of constant illness. But it is conceded that she was sufficiently well to enable her to acquire four successive husbands within a period of about ten years. It is conceded that during this period she was continuously employed as a trained nurse in one household for a period of two years. It is claimed that she received no compensation for this service other than her "keep." Surely the trial judge was not compelled to believe this.
If this decision is to be rested upon the legal right of a parent to the custody and earnings of a minor child, then, by every consideration of the law of contract and by every consideration of the equitable doctrine of estoppel, the appellant herein has transferred that right to the respondent herein.
I think that the judgment should be affirmed.